■ AGRON JANI et al., Appellants, v CITY OF NEW YORK et al., Respondents, and PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Defendants and Third-Party Plaintiffs-Respondents. JWP MAINTENANCE AND SERVICE, INC., Third-Party Defendant-Respondent. [725 NYS2d 388] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Mastro, J.), dated March 10, 2000, as granted those branches of the motion of the third-party and second third-party defendant which were for summary judgment dismissing their causes of action pursuant to Labor Law § 240 (1) and § 241 (6), and denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The injured plaintiff (hereinafter the plaintiff), an electrician, was injured when he fell from a ladder while attempting to replace an electrical contactor located in an air-handling unit. The work performed by the plaintiff at the time of the accident involved the mere replacement of a worn-out component part in a nonconstruction, nonrenovation context, and did not constitute "erection, demolition, repairing, altering, painting, cleaning or pointing of a building" within the meaning of Labor Law § 240 (1) so as to bring the plaintiff within the protective ambit of the statute (*see, Smith v Shell Oil Co.,* 85 NY2d 1000; *Greenwood v Shearson, Lehman & Hutton,* 238 AD2d 311; *Rowlett v Great S. Bay Assocs.,* 237 AD2d 183; *see also, Edwards v Twenty-Four Twenty-Six Main St. Assocs.,* 195 AD2d 592).

Similarly, the Supreme Court properly dismissed the plaintiffs' claim pursuant to Labor Law § 241 (6), as the injured plaintiff's activity did not constitute repair work (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494).

The plaintiffs' remaining contentions are without merit. Goldstein, J. P., McGinity, Schmidt and Smith, JJ., concur.