(January 18, 2005)

MICHAEL ANDERSON, Appellant, v OLYMPIA & YORK TOWER B COMPANY, Sued Herein as OLYMPIA & YORK BATTERY PARK COMPANY, Defendant and Third-Party Plaintiff-Respondent. KELLY TRANE SERVICE COMPANY, Third-Party Defendant-Respondent. [789 NYS2d 190]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated May 23, 2003, which denied his motion for partial summary judgment and granted the motion of the defendant third-party plaintiff and the cross motion of the third-party defendant Kelly Trane Service Agency, Inc., sued herein as Kelly Trane Service Company, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff, an air-conditioning technician, was injured when he hit his hip against an air-handling unit as he attempted to climb on top of it in order to replace worn-out bearings. The work performed by the plaintiff at the time of the accident involved the replacement of worn-out parts in a nonconstruction and nonrenovation context, and did not constitute "erection, demolition, repairing, altering, painting, cleaning or pointing of a building" within the meaning of Labor Law § 240 (1) so as to bring him within the protective ambit of the statute (*see Smith v Shell Oil Co.,* 85 NY2d 1000, 1002 [1995]; *Jani v City of New York,* 284 AD2d 304 [2001]; *Rowlett v Great S. Bay Assoc.,* 237 AD2d 183, 184 [1997]).

The Supreme Court also properly dismissed the Labor Law § 241 (6) cause of action since the accident did not occur in connection with construction, demolition, or excavation work (*see Nagel v D & R Realty Corp.,* 99 NY2d 98, 103 [2002]). Further, the Industrial Code sections relied upon either establish a general safety standard that does not give rise to a duty under Labor Law § 241 (6) (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505 [1993]) or are not applicable to the facts presented here.

Finally, the Supreme Court properly dismissed the plaintiff's Labor Law § 200 and common-law negligence claims. In opposition to the prima facie establishment of entitlement to judgment as a matter of law, the plaintiff's affidavit contained feigned issues of fact which were designed to avoid the consequences of his earlier deposition testimony and were insufficient

to raise a triable issue of fact (*see Mestric v Martinez Cleaning Co.,* 306 AD2d 449 [2003]). Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.