■ DALE GLEASON, Appellant, v WILLIAM GOTTLIEB et al., Defendants and Third-Party Plaintiffs-Respondents. TAOCON, INC., Defendant and Third-Party Defendant-Respondent, et al., Third-Party Defendant. [826 NYS2d 633]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), dated August 12, 2004, as granted that branch of the motion of the defendants William Gottlieb and LuLu's LLC, doing business as Lotus Restaurant, which was for summary judgment dismissing the amended complaint insofar as asserted against them, and denied those branches of his cross motion which were for summary judgment against those defendants on the issue of liability and, in effect, for summary judgment on the issue of liability and/or for leave to enter a judgment against the defendant Taocon, Inc., upon its default in appearing and answering.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff, an employee of a subcontractor, the third-party defendant Comfort Air Conditioning and Heating, Inc., which was hired by a general contractor, the defendant Taocon, Inc. (hereinafter Taocon), fell from a ladder as he attempted to replace a "water coil" in an air-conditioning unit at the defendant LuLu's LLC, doing business as Lotus Restaurant, owned by the defendant William Gottlieb (hereinafter collectively referred to as Lotus). The work performed by the plaintiff at the time of the accident involved the replacement of worn out parts in a nonconstruction and nonrenovation context, and did not constitute "erection, demolition, repairing, altering, painting, cleaning or pointing of a building" within the meaning of Labor Law § 240 (1) so as to bring him within the protective ambit of that statute (*see Smith v Shell Oil Co.*, 85 NY2d 1000, 1002 [1995]; *Anderson v Olympia & York Tower B Co.*, 14 AD3d 520, 521 [2005]; *Jani v City of New York*, 284 AD2d 304 [2001]; *Jehle v Adams Hotel Assoc.*, 264 AD2d 354, 355 [1999]; *Rowlett v Great S. Bay Assoc.*, 237 AD2d 183, 184 [1997]).

The plaintiff does not have a claim under Labor Law § 241 (6) since the plaintiff was not working in a construction area and the accident did not occur in connection with construction, demolition, or excavation work (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]; *Peterkin v City of New York*, 5 AD3d 652 [2004]). With respect to the plaintiff's Labor Law § 200 and

common-law negligence claims, there is nothing in the record indicating that Lotus or Taocon supervised or controlled the plaintiff's work (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]).

A judgment against Taocon upon its default in appearing and answering was not warranted as the plaintiff did not timely move for such a judgment within the requisite one-year period (*see* CPLR 3215 [c]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.,* 23 AD3d 624, 625 [2005]).

In light of our determination, the parties' remaining contentions have been rendered academic. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.