■ CHERYL D. ENGLISH et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendant. [844 NYS2d 320]—

In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated March 15, 2006, as granted those branches of the cross motion of the defendant City of New York which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims insofar as asserted against it, and denied that branch of their separate motion which was for summary judgment on the issue of liability on the claim to recover damages pursuant to Labor Law § 240 (1).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs' decedent, a supervising engineer at Woodhull Hospital in Brooklyn, accompanied a maintenance worker on his staff to investigate a missing fan belt in the heating and cooling system. While walking along a narrow beam between two catwalks in the interstitial space, he fell 30 feet to the ambulance ramp on the floor below.

The plaintiffs commenced this action against the New York City Health and Hospitals Corporation, the decedent's employer, and the City of New York (hereinafter the defendant) alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6). The defendant cross-moved for summary judgment dismissing those causes of action insofar as asserted against it, and the plaintiffs separately moved for summary judgment on the issue of liability on the claim to recover damages pursuant to Labor Law § 240 (1).

The evidence presented by the defendant demonstrated that the work to be performed on the system was "routine maintenance" involving the replacement of a missing component and did not constitute "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" so as to fall within the protective ambit of Labor Law § 240 (1) (*Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *see Gleason v Gottlieb*, 35 AD3d 355, 356 [2006]; *Anderson v Olympia & York Tower B Co.*, 14 AD3d 520, 521 [2005]). Moreover, the defendant established that the decedent's investigation of the malfunctioning unit prior to commencement of the maintenance work to be performed by a worker on his staff did not fall within the enumerated protected activities of Labor Law § 240 (1) (*see Martinez v City of New York*, 93 NY2d 322, 326 [1999]).

Further, the defendant met its burden of establishing that the plaintiffs could not sustain a claim under Labor Law § 241 (6) since the decedent was not working in a construction area, and

the accident did not occur in connection with construction, demolition, or excavation work (*see Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]; *Gleason v Gottlieb*, 35 AD3d 355 [2006]). The decedent was not employed by a contractor performing an ongoing renovation project to upgrade the hospital's fire alarm system, and his investigation of the missing fan belt was conducted independently of that renovation work.

As the evidence submitted by the plaintiffs failed to raise a triable issue of fact, the Supreme Court properly granted those branches of the defendant's cross motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims insofar as asserted against it, and, accordingly, properly denied that branch of the plaintiffs' separate motion which was for summary judgment on the issue of liability on the claim to recover damages pursuant to Labor Law § 240 (1). Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.