■ PARBHU DEOKI, Appellant, v ABNER PROPERTIES CO., Respondent. [852 NYS2d 261]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated March 26, 2007, as, in effect, denied his motion for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1), and granted those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained injuries when he fell from a ladder that bent beneath him while he was replacing a ballast in a fluorescent light fixture in a building leased by his employer from the defendant Abner Properties Co.

The Supreme Court correctly, in effect, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) and granted that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action, as the defendant established its prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact. The task of replacing a ballast in a fluorescent light fixture falls within the category of routine maintenance (*see Sanacore v Solla,* 284 AD2d 321 [2001]). The plaintiff's work involved the replacement of a worn-out component in a nonconstruction and nonrenovation context and did not constitute erection, demolition, repairing, altering, painting, cleaning, or pointing of a building within the meaning of Labor Law § 240

(1) so as to bring him within the protective ambit of that statute (*see Gleason v Gottlieb*, 35 AD3d 355, 356 [2006]; *Anderson v Olympia & York Tower B Co.*, 14 AD3d 520, 521 [2005]; *Jani v City of New York*, 284 AD2d 304 [2001]). The case of *Eisenstein v Board of Mgrs. of Oaks at La Tourette Condominium Sections I-IV* (43 AD3d 987 [2007]), is distinguishable from the instant case in that *Eisenstein* involved the repair of a lighting fixture rather than routine maintenance.

Moreover, the Supreme Court did not err in awarding summary judgment to the defendant dismissing the plaintiff's Labor Law § 241 (6) cause of action, as the defendant also established its entitlement to judgment as a matter of law and, in opposition, the plaintiff failed to raise a triable issue of fact. There can be no recovery since the plaintiff's work constituted maintenance which was unrelated to construction, excavation, or demolition (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Nagel v D & R Realty Corp.*, 99 NY2d 98, 102 [2002]; *Acosta v Banco Popular*, 308 AD2d 48, 51 [2003]; *Goad v Southern Elec. Intl.*, 304 AD2d 887, 888 [2003]).

In light of our determination, the plaintiff's remaining contentions, including but not limited to the allegation that Industrial Code § 23-1.21 (12 NYCRR 23-1.21) was violated, have been rendered academic. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.