■ DONATO F. GALLELLO, Appellant, v MARJ DISTRIBUTORS, INC., Doing Business as SAMMY'S NEW YORK BAGELS, et al., Respondents. [855 NYS2d 602]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 21, 2006, which granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, his cross motion for

summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action and for leave to amend his bill of particulars.

Ordered that the order is affirmed, with costs.

The plaintiff Donato F. Gallello, the owner of a company that manufactures and repairs neon signs, allegedly was injured when he fell from a ladder while attempting to repair a two-foot by four-foot neon sign at a store managed by the defendant MARJ Distributors, Inc., doing business as Sammy's New York Bagels, located on property owned by the defendants Hilton Soniker and 2J Management Co., Inc. The plaintiff allegedly was injured in the store while standing on his own ladder and attempting to replace a 10- to 12-pound broken transformer located above a drop ceiling. The plaintiff lost his balance when the transformer fell while he was detaching it from the wires affixing it to the ceiling.

The complaint alleges causes of action pursuant to Labor Law §§ 200, 240 (1), and § 241 (6). The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability with respect to the Labor Law § 240 (1) cause of action and for leave to amend the bill of particulars to assert a violation of the Industrial Code in support of the Labor Law § 241 (6) cause of action. The Supreme Court granted the defendants' motion for summary judgment and denied, as academic, the plaintiff's cross motion. We affirm.

In this case, the evidence established that the plaintiff was performing routine maintenance in a nonconstruction context, and thus was not entitled to the protections of Labor Law § 240 (1) (*see Azad v 270 5th Realty Corp.*, 46 AD3d 728 [2007]; *Anderson v Olympia & York Tower B Co.*, 14 AD3d 520, 521 [2005]; *Jani v City of New York*, 284 AD2d 304 [2001]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action and properly denied, as academic, that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action (*id.*).

To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed at a work site, an owner or manager of real property must have authority to exercise supervision and control over the work at the site (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Guerra v Port Auth. of N.Y. & N. J.*, 35 AD3d 810, 811 [2006]; *Parisi v Loewen Dev. of Wappinger Falls*, 5 AD3d 648 [2004]). "[W]here . . . a

plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, [an owner or manager of real property] may be liable . . . under Labor Law § 200 if it has control over the work site and actual or constructive notice of the dangerous condition" (*McLeod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007], quoting *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708 [2007]). Here, regardless of the theory of liability, the defendants established, as a matter of law, that they did not control or supervise the plaintiff's work (*see Capolino v Judlau Contr., Inc.*, 46 AD3d 733 [2007]). They further established that they did not have notice of the alleged defective condition (*see Payne v 100 Motor Parkway Assoc., LLC*, 45 AD3d 550, 553 [2007]).

The plaintiff's argument that the defendants failed to establish lack of notice of a dangerous condition at the premises, by virtue of the absence of safety clamps on the transformer, was raised as a new theory of liability for the first time in opposition to the defendants' motion. "While modern practice permits a plaintiff to successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's submissions" (*Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d 523, 524 [2005]; *see Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 280 [1978]; *Medina v Sears, Roebuck & Co.*, 41 AD3d 798, 799-800 [2007]; *Gold Connection Discount Jewelers v American Dist. Tel. Co.*, 212 AD2d 577, 578 [1995]), here, the plaintiff's protracted delay in presenting the new theory of liability warranted the Supreme Court's rejection of the argument (*see Medina v Sears, Roebuck & Co.*, 41 AD3d at 799-800; *Mainline Elec. Corp. v Pav-Lak Indus., Inc.*, 40 AD3d 939 [2007]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc.*, 15 AD3d at 524).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) cause of action, as neither the statute nor the allegedly violated Industrial Code provisions are applicable outside the contexts of construction, demolition, or excavation (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]). In light of the foregoing, the Supreme Court correctly denied, as academic, that branch of the plaintiff's cross motion which was for leave to amend the bill of particulars to add specific provisions of the Industrial

Code alleged to have been violated. Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.