■ STEVEN WEISMAN, Respondent, v DUANE READE, INC., Appellant, et al. Defendant. [883 NYS2d 137]—

In an action to recover damages for personal injuries, the defendant Duane Reade, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 27, 2008, as denied, without prejudice to renewal, those branches of its motion which were for summary judgment dismissing the causes of action asserted against it pursuant to Labor Law §§ 240 and 241 (6) in their entirety, and (2) from an order of the same court dated July 21, 2008, which granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1), and denied its renewed motion for summary judgment dismissing the causes of action asserted against it pursuant to Labor Law §§ 240 and 241 (6) in their entirety.

Ordered that the appeal from the order dated February 27,

2008 is dismissed, without costs or disbursements, as that order was superseded by the order dated July 21, 2008, made upon renewal; and it is further,

Ordered that the order dated July 21, 2008 is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1) and substituting therefor a provision denying that branch of the cross motion; as so modified, the order dated July 21, 2008 is affirmed, without costs or disbursements.

The plaintiff allegedly was injured when, in the course of his employment as a mechanic for heating, ventilation, and air conditioning (hereinafter HVAC) units, he fell from a beam he had been standing on in order to reach an inoperable HVAC unit located on the roof of a store leased and occupied by the defendant Duane Reade, Inc. (hereinafter the appellant). A maintenance agreement existed between the appellant and the plaintiff's employer, pursuant to which the plaintiff had worked on the subject unit on previous occasions. On the day in question, the plaintiff was dispatched to the store to respond to a "no-heat" call.

The appellant moved for summary judgment dismissing, inter alia, the causes of action asserted against it pursuant to Labor Law §§ 240 and 241 (6) in their entirety. The Supreme Court denied those branches of the motion, with leave to renew. Following further discovery, the appellant renewed those branches of its motion, arguing that the work performed by the plaintiff at the time of the accident constituted "routine maintenance" rather than repairs and, as such, he was not performing a covered activity at the time of the accident. In response, the plaintiff cross-moved for summary judgment on the issue of liability on his Labor Law §§ 240 and 241 (6) causes of action. In an order dated July 21, 2008, the Supreme Court granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability pursuant to Labor Law § 240 (1), concluding that the plaintiff was engaged in a covered activity, and denied the appellant's renewed motion. We modify the order dated July 21, 2008.

The proof submitted by both the appellant and the plaintiff, including the two affidavits by the principal of the plaintiff's employer on the date of the accident, revealed the existence of a triable issue of fact as to whether the work at issue should properly be characterized as "routine maintenance" (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]; Gleason v Gottlieb, 35 AD3d 355, 356 [2006]; Anderson v

*Olympia & York Tower B Co.*, 14 AD3d 520, 521 [2005]; *Jani v City of New York*, 284 AD2d 304 [2001]; *Jehle v Adams Hotel Assoc.*, 264 AD2d 354 [1999]) or a repair (*see Beehner v Eckerd Corp.* 3 NY3d 751 [2004]; *Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878 [2003]; *Juchniewicz v Merex Food Corp.*, 46 AD3d 623 [2007]; *Craft v Clark Trading Corp.*, 257 AD2d 886 [1999]). Accordingly, the court should not have granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability under Labor Law § 240 (1), but properly denied those branches of the appellant's renewed motion which were for summary judgment dismissing the causes of action asserted against it pursuant to Labor Law §§ 240 and 241 (6) in their entirety.

In light of this determination, we need not reach the parties' remaining contentions. Spolzino, J.P., Dillon, Florio and Belen, JJ., concur.