■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS E. PINALES, Appellant. [908 NYS2d 578]—

Judgment, Supreme Court, Bronx County (Seth L. Marvin, J.), rendered May 25, 2006, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.

Defendant's challenge to a remark made by the prosecutor in summation is similar to an argument this Court rejected on a jointly tried codefendant's appeal (*People v Quezada*, 66 AD3d 520 [2009], *lv denied* 14 NY3d 772 [2010]), and there is no reason to reach a different result. Defendant's remaining claims of prosecutorial misconduct are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that none of the claimed improprieties deprived defendant of a fair trial. Concur—Friedman, J.P., Nardelli, DeGrasse, Freedman and Manzanet-Daniels, JJ.

■ GEORGE BARNES et al., Appellants, v CITY OF NEW YORK, Respondent. [908 NYS2d 579]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered May 11, 2009, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Dismissal of the complaint was proper since plaintiff's work, which consisted of disconnecting power cables from the third rail to allow a signal construction project to proceed safely, was a separate phase of work, distinct from any construction and thus, not a covered activity under Labor Law § 241 (6) (*see Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]; *Caban v Maria Estela Houses I Assoc., L.P.*, 63 AD3d 639 [2009]). Concur—Friedman, J.P., Nardelli, DeGrasse, Freedman and Manzanet-Daniels, JJ.