■ ROBERT KONAZ, Respondent, v ST. JOHN'S PREPARATORY SCHOOL, Appellant, et al., Defendant. [963 NYS2d 337]—

In an action to recover damages for personal injuries, the de-

fendant St. John's Preparatory School appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), dated February 24, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff's employer was under contract with the defendant St. John's Preparatory School (hereinafter St. John's) to provide maintenance and cleaning services at its school. The plaintiff, a building mechanic, allegedly was injured when he fell from a ladder while attempting to replace a ballast in a malfunctioning fluorescent light fixture in the school building. The plaintiff testified at his deposition that he first removed the fixture's grille and changed the light bulbs. When that did not remedy the problem, he looked at the end blocks but he did not observe anything irregular. He testified that the ballast "smelled like it was burnt" and that he "was going to replace the ballast." While the plaintiff was attempting to remove the reflector plate to expose the ballast, the ladder went out from underneath him. He claimed that after he fell, he observed the ladder laying on its side and that one of the hinges was "bowing in." The plaintiff commenced this action against St. John's and another defendant to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). After issue was joined and disclosure was conducted, St. John's moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court denied the motion.

The Supreme Court erred in denying that branch of the motion of St. John's which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, as St. John's established its prima facie entitlement to judgment as a matter of law, and in opposition, the plaintiff failed to raise a triable issue of fact. The task of replacing a ballast in a fluorescent light fixture falls within the category of routine maintenance (*see Monaghan v 540 Inv. Land Co. LLC*, 66 AD3d 605 [2009]; *Deoki v Abner Props. Co.*, 48 AD3d 510, 510 [2008]; *Sanacore v Solla*, 284 AD2d 321 [2001]). The plaintiff's work involved the replacement of a worn-out component in a nonconstruction and nonrenovation context, and did not constitute erection, demolition, repairing, altering, painting, cleaning, or pointing of a building within the meaning

of Labor Law § 240 (1) so as to bring him within the protective ambit of that statute (*see Gallello v MARJ Distribs., Inc.*, 50 AD3d 734 [2008]; *Gleason v Gottlieb*, 35 AD3d 355, 356 [2006]; *Anderson v Olympia & York Tower B Co.*, 14 AD3d 520, 521 [2005]; *Jani v City of New York*, 284 AD2d 304, 304 [2001]).

Moreover, the Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it, as St. John's also established its entitlement to judgment as a matter of law with respect to that claim and, in opposition, the plaintiff failed to raise a triable issue of fact. There can be no recovery under that statute since the plaintiff's work constituted maintenance which was unrelated to construction, excavation, or demolition (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]; *Nagel v D & R Realty Corp.*, 99 NY2d 98, 102 [2002]; *Deoki v Abner Props. Co.*, 48 AD3d at 510; *Gleason v Gottlieb*, 35 AD3d at 356; *Anderson v Olympia & York Tower B Co.*, 14 AD3d at 521).

Regarding the causes of action alleging common-law negligence and a violation of Labor Law § 200, St. John's made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it did not have any authority to supervise or control the performance of the plaintiff's work. Even assuming that St. John's owned the allegedly defective ladder used by the plaintiff, it demonstrated that the plaintiff's employer kept the ladder in its "maintenance shop" located in the basement of the school building and that its employees used the ladder exclusively. Under these circumstances, St. John's made a prima facie showing that it neither created the alleged defect in the ladder nor had actual or constructive knowledge of any defect in the ladder (*see Chowdhury v Rodriguez*, 57 AD3d 121 [2008]; *Rakowicz v Fashion Inst. of Tech.*, 56 AD3d 747 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court also should have granted that branch of the motion of St. John's which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. Mastro, J.P., Austin, Cohen and Miller, JJ., concur.