■ IGNACIO GUEVERA, et al., Appellants, v SIMON PROPERTY GROUP, INC., et al., Defendants/Third-Party Plaintiffs-Respondents. PROFESSIONAL RETAIL SERVICES, INC., et al., Third-Party Defendants. [22 NYS3d 490]—

In an action to recover damages for personal injuries, etc., the plaintiff Ignacio Guevera appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated July 2, 2013, which denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and granted the defendants' cross motion for summary judgment dismissing the complaint, and the plaintiff Blanca Naranjo also appeals from the order.

Ordered that the appeal by the plaintiff Blanca Naranjo is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants/third-party plaintiffs.

The plaintiff Ignacio Guevera (hereinafter the plaintiff), an employee of the third-party defendant Country Wide Electric,

allegedly was injured when he fell from a ladder in a retail store owned by the defendant Pacific Sunwear Stores, Corp. (hereinafter Pacsun), and leased from the defendant Simon Property Group, Inc. (hereinafter Simon). The plaintiff alleged that, while standing on the ladder checking to see if the lighting fixtures in the ceiling of the store required new bulbs, he removed the cover of the ballast box of one of the fixtures and received an electrical shock from a loose cable, which caused him to fall from the ladder and sustain injuries. The plaintiff commenced this action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and common-law negligence, and moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The defendants commenced a third-party action against, among others, the plaintiff's employer, and cross-moved for summary judgment dismissing the complaint.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1) by offering proof that the plaintiff was involved in routine maintenance rather than repair and, therefore, the plaintiff's activity did not fall within the protection of that provision of the Labor Law (see Smith v Shell Oil Co., 85 NY2d 1000 [1995]; Deoki v Abner Props. Co., 48 AD3d 510, 510-511 [2008]; Houchang Haghighi v Bailer, 240 AD2d 368 [1997]; cf. Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 883 [2003]; Fox v H&M Hennes & Mauritz, L.P., 83 AD3d 889 [2011]; Fitzpatrick v State of New York, 25 AD3d 755, 756 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (see Deoki v Abner Props. Co., 48 AD3d at 510-511).

The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6). The plaintiff was not involved in the activity of construction, excavation, or demolition, and the statute does not protect workers involved in maintenance or replacement of parts (see Nagel v D & R Realty Corp., 99 NY2d 98, 103 [2002]; Deoki v Abner Props. Co., 48 AD3d at 511; Irizarry v State of New York, 35 AD3d 665, 666 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.

The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. The defendants demonstrated, prima facie, that they neither created nor had notice of the loose cable that al-

legedly caused the plaintiff's electric shock (*see Palacios v 29th St. Apts, LLC*, 110 AD3d 698, 699 [2013]; *cf. Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d 644, 645-646 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and properly granted the defendants' cross motion for summary judgment dismissing the complaint. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.