Trotman v Verizon Communications, Inc. (2018 NY Slip Op 07483)





Trotman v Verizon Communications, Inc.


2018 NY Slip Op 07483


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-09869
 (Index No. 501093/11)

[*1]Lincoln S. Trotman, appellant, 
v
Verizon Communications, Inc., respondent, et al., defendant.


Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant.
Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Anton Piotroski of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated August 1, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Verizon Communications, Inc., which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it and denied the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was a fleet mechanic employed by nonparty P.M. Savvy, which contracted with the defendant Verizon Communications, Inc. (hereinafter Verizon), to repair Verizon vehicles. On November 25, 2008, the plaintiff reported to work at a garage owned by Verizon, where he received a work request through a note posted on a cargo van, stating, "[b]eacon strobe light not working." The beacon strobe light was located on the top of the body of the van, approximately 10 feet from the ground. The plaintiff testified at his deposition that he was not provided with a ladder to reach the top of the van. After testing the light's power switch, which was located in the cab of the van, and confirming that there was electricity at the switch, the plaintiff placed two bulbs and two screwdrivers in his pocket and climbed up the front hood of the vehicle in an attempt to reach the top of the van. While in the process of climbing from the front hood to the roof of the van, the plaintiff lost his footing and fell to the ground, allegedly sustaining injuries.
The plaintiff commenced this action against, among others, Verizon, alleging a violation of Labor Law § 240(1), among other things. Verizon moved, inter alia, for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it, and the plaintiff cross-moved for summary judgment on the issue of liability on that cause of action. The Supreme Court granted that branch of Verizon's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it, and denied the plaintiff's cross motion. The plaintiff appeals.
Labor Law § 240(1) "does not cover routine maintenance done outside the context [*2]of construction work" (Prats v Port Auth. of N.Y. and N.J., 100 NY2d 878, 882). The replacement of "components that require replacement in the course of normal wear and tear" constitutes routine maintenance (Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528; see Deoki v Abner Props. Co., 48 AD3d 510). At the time of his fall, the plaintiff was engaged in the task of replacing burnt out light bulbs, which constitutes routine maintenance and therefore falls outside of the scope of Labor Law § 240(1) (see Smith v Shell Oil Co., 85 NY2d 1000, 1001; Konaz v St. John's Preparatory Sch., 105 AD3d 912, 913; Gallello v MARJ Distribs., Inc., 50 AD3d 734, 735; Deoki v Abner Props. Co., 48 AD3d at 510; Sanacore v Solla, 284 AD2d 321). Contrary to the plaintiff's contention, his work did not take place in the context of a larger project which "encompassed activity protected under the statute" (see Fitzpatrick v State of New York, 25 AD3d 755, 757).
Accordingly, we agree with the Supreme Court's determination to grant that branch of Verizon's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it, and to deny the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action.
In light of our determination, we need not reach the plaintiff's remaining contention.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court