Dahlia v S&K Distrib., LLC (2019 NY Slip Op 03023)





Dahlia v S&K Distrib., LLC


2019 NY Slip Op 03023


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-04749
 (Index No. 528/14)

[*1]Todd Dahlia, respondent, 
v
S & K Distribution, LLC, etc., appellant, et al., defendant.


Hinman, Howard & Kattell, LLP, Binghamton, NY (Dennis P. Sheehan of counsel), for appellant.
Hach & Rose, LLP, New York, NY (Michael A. Rose of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant S & K Distribution, LLC, appeals from an order of the Supreme Court, Putnam County (James F. Reitz, J.), dated March 30, 2017. The order, insofar as appealed from, denied that branch of that defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant S & K Distribution, LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it is granted.
On December 18, 2013, nonparty AMX Cooling and Heating, LLC (hereinafter AMX), assigned the plaintiff, an HVAC service technician, to service a heating unit for its customer, the defendant S & K Distribution, LLC (hereinafter S & K), at S & K's facility in White Plains. The heating unit allegedly had not been working for three to four weeks. To enable the plaintiff to reach the heating unit, which was in the ceiling, an S & K employee allegedly placed packets of shingles atop the forks of a forklift. The employee then raised the forklift while the plaintiff stood atop the packets of shingles. While the plaintiff was examining the heating unit, he allegedly slipped and fell off the raised packets of shingles, sustaining injuries. Approximately one week later, AMX dispatched another employee to service the subject heating unit.
The plaintiff commenced this action against S & K and another defendant, alleging violations of Labor Law §§ 200, 240(1), and 241, as well as common-law negligence. S & K moved, inter alia, for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it. By order dated March 30, 2017, the Supreme Court, inter alia, denied that branch of S & K's motion, and S & K appeals.
"To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653, quoting Labor Law § 240[1]; see Robinson v East Med. Ctr., LP, 6 [*2]NY3d 550, 554). "In determining whether a particular activity constitutes repairing,' courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1)" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528; Joblon v Solow, 91 NY2d 457, 465; Smith v Shell Oil Co., 85 NY2d 1000, 1002). "Generally, courts have held that work constitutes routine maintenance where the work involves replacing components that require replacement in the course of normal wear and tear'" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653, quoting Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; see Mammone v T.G. Nickel & Assoc., LLC, 144 AD3d 761, 761-762).
Here, S & K established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action insofar as asserted against it through the deposition transcripts of the plaintiff and the AMX employee who subsequently serviced the heating unit, which demonstrated that when the plaintiff was injured, the plaintiff was engaged in work that constituted routine maintenance. At his deposition, the plaintiff testified that before the accident occurred, he determined that a belt was missing from the heating unit. Then, according to the plaintiff, while he was in the process of lowering a panel to see whether the pilot light to the heating unit was on or off, he slipped and fell. The plaintiff testified that, based on his experience, there was nothing extraordinary or unusual about a belt needing to be replaced or a pilot light going out on a heating unit. He also testified that belts generally should be replaced approximately once a year. Although the plaintiff allegedly fell before he was able to determine whether the pilot light on the heating unit was out, he testified that the process required to turn the pilot light on consisted of "mak[ing] sure there was gas going there" and using a long lighter to push down on the plunger. He further testified that the only tools he needed to turn on the pilot light were a Crescent wrench or a screwdriver and a lighter. The AMX employee testified that when he went to S & K's facility approximately one week after the accident, his work on the heating unit consisted of replacing the belt and relighting the pilot light. This evidence showed that the plaintiff's work "involved replacing components that require replacement in the course of normal wear and tear" and did not constitute "repairing" or any other enumerated activity (see Esposito v New York City Inds. Dev. Agency, 1 NY3d at 528; Gdanski v 5822 Broadway Assoc., LLC, 116 AD3d 658, 660; English v City of New York, 43 AD3d 811, 812; Gleason v Gottlieb, 35 AD3d 355, 356).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contentions, "the distinction between routine maintenance and repairing does not turn solely on whether the work involves fixing something that is not functioning properly" (Barbarito v County of Tompkins, 22 AD3d 937, 938; see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 49, 53). Likewise, the deposition testimony of an AMX employee that a belt can sometimes last years without replacement did not raise a triable issue of fact. Although the AMX employee testified that the length of time belts can last varies depending upon how much the heater is used, his testimony, as well as the plaintiff's deposition testimony, established that the belts generally need to be replaced approximately once a year (see Abbatiello v Lancato Studio Assoc., 3 NY3d at 53; Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528; Mammone v T.G. Nickel & Assoc., LLC, 144 AD3d at 762; English v City of New York, 43 AD3d at 812; cf. Roth v Lenox Terrace Assoc., 146 AD3d 608, 608; Weisman v Duane Reade, Inc., 64 AD3d 643, 643).
Accordingly, the Supreme Court should have granted that branch of S & K's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court