Teodoro v C.W. Brown, Inc. (2021 NY Slip Op 07297)





Teodoro v C.W. Brown, Inc.


2021 NY Slip Op 07297


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2019-08517
2019-08518
2019-08519
2019-08520
 (Index No. 52256/15)

[*1]Silvino Teodoro, appellant, 
v
C.W. Brown, Inc., et al., respondents, et al., defendants (and a third-party action).


Ronai & Ronai, LLP, Port Chester, NY (Holly Ostrov Ronai of counsel), for appellant.
Thomas K. Moore (Andrea G. Sawyers, Melville, NY [David R. Holland], of counsel), for respondent C.W. Brown, Inc.
Conway, Farrell, Curtin & Kelly, P.C., New York, NY (Michael T. Blumenfeld of counsel), for respondent PepsiCo, Inc.
Law Office of John G. Luboja, LLP, Ossining, NY (Richard Hunter of counsel), for respondents Westpark I, LLC, and Nine West Group, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from four orders of the Supreme Court, Westchester County (Sam D. Walker, J.), all dated June 28, 2019. The first order denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). The second order granted the motion of the defendant C.W. Brown, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion, inter alia, to strike that defendant's answer due to spoliation of evidence. The third order granted the motion of the defendants Westpark I, LLC, and Nine West Group, Inc., for summary judgment dismissing the complaint insofar as asserted against them. The fourth order granted the motion of the defendant PepsiCo, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from the first order dated June 28, 2019, is dismissed as abandoned; and it is further,
ORDERED that the second, third, and fourth orders dated June 28, 2019, are affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff, an employee of nonparty Westchester County Electric, Inc. (hereinafter WCE), allegedly was injured in August 2013 while attempting to replace the ballast of an inoperable light in a building owned by the defendant Westpark I, LLC (hereinafter Westpark). The plaintiff alleged that he was standing on a ladder attempting to fix the inoperable light fixture when he lifted the cover of the electrical box and received an electric shock. Westpark leased the building to the defendant Nine West Group, Inc. (hereinafter Nine West), who subleased space in the building to the defendant PepsiCo, Inc. (hereinafter Pepsi). Pepsi hired the defendant C.W. Brown, Inc. (hereinafter CWB), to serve as general contractor on a renovation of its space in the building, and CWB hired WCE to perform the electrical work for the renovation. Pepsi also separately retained WCE to perform maintenance work in its space within the building.
The plaintiff commenced this action alleging violations of Labor Law §§ 200(1), 240(1), and 241(6). CWB, Westpark and Nine West, and Pepsi (hereinafter collectively the defendants) separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff cross-moved to strike CWB's answer due to spoliation of evidence and separately moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). In four separate orders, all dated June 28, 2019, the Supreme Court granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them, and denied the plaintiff's cross motion to strike CWB's answer and his motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff appeals.
The appeal from the first order dated June 28, 2019, must be dismissed as abandoned, as the brief filed by the plaintiff does not seek reversal or modification of any portion of that order (see D.S. v Poliseno, 189 AD3d 1102, 1104; Matter of Nickel v Nickel, 172 AD3d 1210, 1211).
"A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Oppenheimer v City of New York, 193 AD3d 957, 958). "The Supreme Court has broad discretion to determine a sanction for the spoliation of evidence" (Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673, 675; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 551).
Here, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion to strike CWB's answer due to spoliation of evidence. Although the record demonstrates that a portion of CWB's records may be located in a document management program that is no longer accessible, the plaintiff failed to establish that these inaccessible records contained any evidence relevant to his claim (see Cain v Ameresco, Inc., 195 AD3d 677, 679; Hoppe v Imperial Towers Assoc., 181 AD3d 659). Contrary to the plaintiff's contention, the work order pertaining to the work that the plaintiff was performing when he was injured was not part of CWB's inaccessible document management program, but was disclosed by Pepsi during discovery.
"To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653, quoting Labor Law § 240[1]; see Ortega v 669 Meeker Ave., LLC, 191 AD3d 686, 689). "In determining whether a particular activity constitutes 'repairing,' courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1)" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528). "Generally, courts have held that work constitutes routine maintenance where the work involves 'replacing components that require replacement in the course of normal wear and tear'" (Wass v County of Nassau, 173 AD3d 933, 935, quoting Esposito v New York City Indus. Dev. Agency, 1 NY3d at 528). In addition,"[r]outine [*2]maintenance is not within the ambit of Labor Law § 241(6)" (Garcia-Rosales v Bais Rochel Resort, 100 AD3d 687, 688; see Deangelis v Franklin Plaza Apts., Inc., 189 AD3d 772, 773).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them by offering evidence that the plaintiff was injured while involved in routine maintenance when he attempted to replace the ballast. The plaintiff's work involved the replacement of a worn-out component and did not constitute "repairing" within the meaning of Labor Law § 240(1) so as to bring him within the protective ambit of that statute (see Guevera v Simon Prop. Group, Inc., 134 AD3d 899, 900; Konaz v St. John's Preparatory Sch., 105 AD3d 912, 913; Deoki v Abner Props. Co., 48 AD3d 510, 510). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendants also demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against each of them. The defendants established that the plaintiff was not involved in the activity of construction, excavation, or demolition, and the statute does not protect workers involved in routine maintenance (see Guevera v Simon Prop. Group, Inc., 134 AD3d at 900; Konaz v St. John's Preparatory Sch., 105 AD3d at 914; Deoki v Abner Props. Co., 48 AD3d at 511). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
"'To be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to exercise supervision and control over the work'" (Salgado v Rubin, 183 AD3d 617, 618-619, quoting Rojas v Schwartz, 74 AD3d 1046, 1046 [internal quotation marks omitted]). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 62; see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670). Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 cause of action insofar as asserted against each of them, as the record demonstrates that the defendants did not supervise, direct, or control the plaintiff's work (see Debennedetto v Chetrit, 190 AD3d 933, 937-938; Salgado v Rubin, 183 AD3d at 619). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The parties' remaining contentions have been rendered academic in light of our determination.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court