■ ISRAEL MONTALVO, Respondent, v NEW YORK AND PRESBY-TERIAN HOSPITAL, Defendant, and THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., Appellants. [919 NYS2d 18]—

Plaintiff was injured while attempting to replace a float and rod component in a condensate pump that was part of the heating system of a building. The pumping system was located in a six-foot-deep pit, covered with metal grating, in the floor of the machine room. Plaintiff was called in to make the repair when the heating system shut down after the pumps stopped working because the component had broken off. He activated a "draining mechanism" and, while the water receded from the flooded machine room, he removed a section of the grating and stepped onto a remaining section to reach into the pit to retrieve the broken-off component. Plaintiff slipped on the grating, which was wet from the water that had overflowed the pit, the grating "gave in," and plaintiff fell into the scalding water.

Defendants argue that the float and rod component required replacement as a result of normal wear and tear, and therefore that plaintiff was engaged in nonactionable routine mainte-

nance when he was injured. Plaintiff testified that this particular component was not routinely replaced due to wear and tear, and that he had replaced it only four or five times in his 25 years as a mechanic. However, there is no evidence in the record establishing the cause of the component's breaking or the work that was involved in replacing it. Thus, it cannot be determined as a matter of law whether plaintiff was engaged in routine maintenance or a repair covered under Labor Law § 240 (1) when he was injured (*compare Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 49-50, 53 [2004] [loosening "a few screws" and draining tap to remedy defective cable signal caused by rainwater accumulating in junction boxes constituted routine maintenance], *with Parente v 277 Park Ave. LLC*, 63 AD3d 613 [2009] [plaintiff covered by statute where there was no evidence that wear and tear caused malfunction of fan, which did not break down regularly, and that repair required only routine maintenance]).

As plaintiff was not engaged in construction, demolition or excavation when he was injured, he is not eligible for the protection of Labor Law § 241 (6). His Labor Law § 200 and common-law negligence causes of action are not viable because he was injured in the course of remedying a condition that he was charged to ameliorate (*see e.g. Polgano v New York City Educ. Constr. Fund*, 6 AD3d 222 [2004], *lv denied* 3 NY3d 601 [2004]). Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.