■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MARTINEZ, Appellant. [996 NYS2d 201]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, Bronx County (Steven L. Barrett, J.), rendered on or about February 6, 2013, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Friedman, J.P., Acosta, Saxe, Manzanet-Daniels and Gische, JJ.

■ TIMOTHY KIRCHER, Respondent, v CITY OF NEW YORK et al., Appellants. [997 NYS2d 41]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered February 24, 2014, which granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, unanimously reversed, on the law, without costs, and the motion denied.

The motion court correctly concluded that the flooring on which plaintiff was working, which was comprised of wooden planks with gaps between them seven stories above the bottom of a shaft below, confronted plaintiff with an elevation-related hazard to which Labor Law § 240 (1) is applicable, regardless of whether the flooring was permanent (*see Jones v 414 Equities LLC*, 57 AD3d 65, 79-80 [1st Dept 2008]; *Carpio v Tishman Constr. Corp. of N.Y.*, 240 AD2d 234, 235-236 [1st Dept 1997]). Triable issues of fact exist, however, as to whether the work in which plaintiff was engaged when his accident occurred constituted routine maintenance or a repair covered under the statute (*see Montalvo v New York & Presbyt. Hosp.*, 82 AD3d 580 [1st Dept 2011]; *see also Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526 [2003]). Concur—Friedman, J.P., Acosta, Saxe, Manzanet-Daniels and Gische, JJ. **[Prior Case History: 2014 NY Slip Op 30424(U).]**