■ JOEL ROTH, Appellant, et al., Plaintiff, v LENOX TERRACE ASSOCIATES et al., Respondents. [44 NYS3d 763]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered September 17, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff Joel Roth's Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion denied.

Issues of fact exist as to whether plaintiff was performing routine maintenance, which would not implicate the protections of Labor Law § 240 (1), or a repair within the meaning of the statute (see Santiago v Fred-Doug 117, L.L.C., 68 AD3d 555 [1st Dept 2009]), when he diagnosed an air conditioning unit's malfunction, and replaced a component part. Although plaintiff testified that the compressor contactor malfunctioned due to normal wear and tear (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]), making it a worn-out component in an otherwise operable air conditioning unit (see Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc., 118 AD3d 524, 526-527 [1st Dept 2014]), and that the entire replacement took only 20 minutes, he also stated that this is not a part that would ordinarily require inspection, adjustment or replacement, and that it generally lasts as long as the compressor and can last the life of the unit, indicating that it was not a recurring event, and that the component was not intended to have a limited life (id.). Under these circumstances, issues of fact exist as to whether plaintiff was performing routine maintenance or a repair within the meaning of the statute. Concur—Andrias, J.P., Saxe, Feinman, Gische and Kahn, JJ.