Giancola v Yale Club of N.Y. City (2018 NY Slip Op 03901)





Giancola v Yale Club of N.Y. City


2018 NY Slip Op 03901


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


6719 153082/13

[*1]Christopher Giancola, Plaintiff-Appellant, Natalia Giancola, Plaintiff,
v
The Yale Club of New York City, Defendant-Respondent.
The Yale Club of New York City, Third-Party Plaintiff,
v
P.S. Marcato Elevator Co., Inc., Third-Party Defendant-Respondent. Scottsdale Insurance Co., Third-Party Defendant.


Block O'Toole & Murphy, LLP, New York (David L. Scher of counsel), for appellant.
Baxter Smith & Shapiro, P.C., White Plains (Sim R. Shapiro of counsel), for the Yale Club of New York City, respondent.
Gottlieb Siegel & Schwartz, LLP, New York (Michele Rosenblatt of counsel), for P.S. Marcato Elevator Co., Inc., respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered July 11, 2017, which, insofar as appealed from as limited by the briefs, denied plaintiff Christopher Giancola's cross motion for partial summary judgment on the common-law negligence and Labor Law § 200 and § 240(1) claims, and granted defendant's motion for summary judgment dismissing the Labor Law § 240(1) claim, unanimously modified, on the law, without costs, to deny defendant's motion, and to grant plaintiff's cross motion for partial summary judgment on the issue of liability on the Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff's cross motion for partial summary judgment on the Labor Law § 240(1) claim should have been granted. There is no issue of fact as to whether it was foreseeable that the particle board covering an escape hatch on top of the elevator car where plaintiff was required to work would collapse when traversed by him (see Restrepo v Yonkers Racing Corp., Inc., 105 AD3d 540 [1st Dept 2013]; see also Kircher v City of New York, 122 AD3d 486 [1st Dept 2014]). It is not dispositive that the escape hatch covering was not intended to serve as a safety device protecting workers from elevation-related risks. Rather, since plaintiff's work exposed him to such risks, he was required to be provided with adequate safety devices in compliance with Labor Law § 240(1) (see Jones v 414 Equities LLC, 57 AD3d 65, 78-79 [1st Dept 2008]). Insofar as Bonura v KWK Assoc. (2 AD3d 207 [1st Dept 2003]) holds to the contrary, the reason in that case was rejected by the court in Jones.
The court properly denied plaintiff's cross motion on the common-law negligence and Labor Law § 200 claims. The record presents triable issues as to whether defendant had notice [*2]that the escape hatch cover, which was comprised of particle board, posed a hazard and whether it was defendant's employees that caused this hazardous condition (see Debellis v NYU Hosps. Ctr., 12 AD3d 320 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK