Rodriguez v Fawn E. Fourth St. LLC (2024 NY Slip Op 00690)

Rodriguez v Fawn E. Fourth St. LLC

2024 NY Slip Op 00690

Decided on February 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 08, 2024

Before: Oing, J.P., González, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 150464/19 Appeal No. 1618 Case No. 2023-02575 

[*1]Dan Rodriguez, Plaintiff-Appellant,
v
Fawn East Fourth Street LLC, et al., Defendants-Respondents.

Liakas Law, P.C., New York (Anthony M. Deliso of counsel), for appellant.
Cartafalsa, Turpin & Lenoff, New York (Marjorie M. McAteer of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about January 31, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and granted defendants' motion for summary judgment dismissing the complaint against them, unanimously modified, on the law, to deny defendants' motion as to the Labor Law § 240(1) claim, and otherwise affirmed, without costs.
Plaintiff's evidence in the form of deposition testimony and documents submitted by defendants in opposition to plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, as well as documentary evidence authenticated by defendant property manager at their deposition, raised triable issues whether the day-long work that involved multiple workers to replace a 6-foot tall, 30-inch diameter water heater, weighing, by some estimates approximately 700 pounds, constituted a repair within the meaning of Labor Law § 240(1), as distinguished from routine maintenance (see generally Saint v Syracuse Supply Co., 25 NY3d 117, 126 [2015]; Montalvo v New York & Presbyt. Hosp., 82 AD3d 580, 581 [1st Dept 2011]; see also Roth v Lenox Terrace Assoc., 146 AD3d 608 [1st Dept 2017]). Defendants did not offer proof, apart from conclusory statements, as to the cause of the water heater's breakdown other than that the mechanism was leaking and no longer functioning. Defendants offered no specific proof that the water heater's failure was due to normal wear and tear of particular parts or of its system itself. Triable issues were also raised as to whether an elevation differential existed such that the weight of the water heater, as it was strapped to the hand truck, created a hazardous gravitational force which devices enumerated in Labor Law § 240(1) were meant to protect against (see Runner v New York Stock Exch., Inc., 13 NY3d 599 [2009]; Rivas v Seward Park Hous. Corp., 219 AD3d 59 [1st Dept 2023]).
Plaintiff's Labor Law § 241(6) claim was correctly dismissed. Plaintiff has not offered evidence that would support a basis to find a violation of a specific applicable Industrial Code provision, or that a violation, if any, had proximately caused his injury (see generally Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173, 176 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2024