Mata v 371 1st St., LLC (2024 NY Slip Op 02148)

Mata v 371 1st St., LLC

2024 NY Slip Op 02148

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 20700/17 Appeal No. 2112 Case No. 2023-04260 

[*1]Jonathan Mata, Plaintiff- Respondent, 
v 371 1st Street, LLC, et al., Defendants-Appellants, Finean Engineering PC., Defendant.

Russo & Gould, LLP, New York (Alan Russo of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 26, 2023, which granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and denied defendants 371 1st Street, LLC, Stacey Shurgin, Stacey Shurgin d/b/a 371 1st Street LLC, Scott Shurgin, and Scott Shurgin d/b/a 371 1st Street LLC's (collectively, defendants) motion for summary judgment dismissing plaintiff's Labor Law §§ 240(1), 241(6), and 200 and common-law negligence claims, unanimously affirmed, without costs.
The motion court properly found that summary judgment is warranted in favor of plaintiff, who was engaged in the demolition of flooring when the subfloor collapsed, causing him to fall several stories and onto a scaffold (see Kircher v City of New York, 122 AD3d 486 [1st Dept 2014]). Even if, as urged by defendants, we considered the subfloor to be a permanent structure, in light of the condition of the building as depicted in photographs taken soon after the accident, and given that plaintiff was engaged in pulling up nailed boards from the subfloor using a crowbar, the accident was foreseeable (see Mena v 485 Seventh Ave. Assoc. LLC, 199 AD3d 420, 421 [1st Dept 2021]; Giancola v Yale Club of N.Y. City, 161 AD3d 695, 696 [1st Dept 2018]; Garcia v Neighborhood Partnership Hous. Dev. Fund Co., Inc., 113 AD3d 494, 495 [1st Dept 2014]).
Defendants' expert's opinion was based on photographs taken at some unspecified time prior to the accident, when the building did not resemble the condition that it was in when the accident occurred, and thus was insufficient to raise a question of fact (see Garcia, 113 AD3d at 496). Nor does it inure to defendants' benefit that there is no engineer's report concerning the condition of the floor, particularly where defendants were cited by the New York City Department of Buildings for failure to file such a report in advance of commencing demolition.
In light of our determination on the Labor Law § 240(1) claim, defendants' arguments regarding the Labor Law §§ 241(6) and 200 and common-law negligence claims are academic (see Harsanyi v Extell 4110 LLC, 220 AD3d 528, 529 [1st Dept 2023]; Viruet v Purvis Holdings LLC, 198 AD3d 587, 588-589 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024