■ FERNANDO ABELLEIRA et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents-Appellants. [992 NYS2d 324]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Baynes, J.), dated May 18, 2012, as denied those branches of their cross motion which were for summary judgment on the issue of liability on the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6), and, in effect, upon searching the record, awarded summary judgment to the defendants dismissing the cause of action alleging a violation of Labor Law § 241 (6), and the defendants cross-appeal from the same order.

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

On September 30, 2010, the day of the subject accident, the plaintiff Fernando Abelleiera (hereinafter the injured plaintiff), was working as a construction foreman employed by nonparty John P. Picone, Inc. (hereinafter Picone), for a construction project allegedly being undertaken by the defendants, the City of New York and the New York City Department of Environmental Protection. On that day, the injured plaintiff was using a pneumatic pipe plug to pressure test a pipe that was 42 inches in diameter. According to the injured plaintiff's affidavit, he inspected the plug and "it appeared normal to me, although it was older and used." He proceeded three to four feet into the pipe, inserted the plug into its interior, and inflated the plug "ever so slightly so I could check it for leaks." Upon noticing several air bubbles on the plug, which suggested a leak, the injured plaintiff called over his supervisor from Picone, who told the injured plaintiff that the plug was defective and to discontinue using it. As soon as the supervisor stepped away

from the pipe, the plug exploded without warning, propelling the injured plaintiff into the air and onto an "I" beam, where he came to rest.

The Supreme Court properly denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the causes of action alleging common-law negligence and a violation of Labor Law § 200. Such liability generally falls into two broad categories: instances involving the manner in which the work is performed, and instances in which workers are injured as a result of dangerous or defective premises conditions at a work site (see Ortega v Puccia, 57 AD3d 54, 61 [2008]). When a claim involves the manner in which the work is performed, meaning it arises out of alleged defects or dangers in the methods or materials of the work (see Ortega v Puccia, 57 AD3d at 61), recovery against the owner or general contractor for common-law negligence or a violation of Labor Law § 200 is unavailable unless it is shown that the defendant had the authority to supervise or control the performance of the work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343 [1998]; Russin v Louis N. Picciano & Son, 54 NY2d 311, 317 [1981]; Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605, 607 [2013]; Gallello v MARJ Distribs., Inc., 50 AD3d 734, 735 [2008]; Dooley v Peerless Importers, Inc., 42 AD3d 199, 204-205 [2007]). Here, the plaintiffs failed to establish, prima facie, that the defendants had the authority to supervise or control the performance of the work being performed at the time of the accident so as to render them liable for the accident under a theory of common-law negligence or pursuant to Labor Law § 200.

When a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable in common-law negligence and under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it (see Eversfield v Brush Hollow Realty, LLC, 91 AD3d 814 [2012]; Bruno v Board of Educ. of Cent. School Dist. #5, 74 AD3d 1114 [2010]; Martinez v City of New York, 73 AD3d 993 [2010]). Here, the plaintiffs failed to establish, prima facie, that the defendants either created or had actual or constructive notice of an allegedly dangerous condition constituting a proximate cause of the subject accident.

The Supreme Court properly denied that branch of the plaintiffs' cross motion which was for summary judgment on

the issue of liability on the cause of action alleging a violation of Labor Law § 241 (6), and properly, in effect, searched the record and awarded summary judgment to the defendants dismissing that cause of action. In order to recover under Labor Law § 241 (6), a plaintiff must plead and prove a violation of a specific provision of the Industrial Code (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]; *Galarraga v City of New York*, 54 AD3d 308, 309 [2008]), which sets forth a specific standard of conduct and not simply a recitation of common-law safety principles (*see St. Louis v Town of N. Elba*, 16 NY3d 411, 414 [2011]). However, the two Industrial Code provisions relied upon by the plaintiffs, 12 NYCRR 23-9.2 (a) and (b) (1), are inapplicable to the facts of this case. Moreover, with respect to the alleged violation of 12 NYCRR 23-9.2 (b) (1), this Court has held that the provision is "merely a general safety standard that does not give rise to a nondelegable duty under [Labor Law § 241 (6)]" (*see Hricus v Aurora Contrs., Inc.*, 63 AD3d 1004, 1005 [2009]).

Accordingly, the order should be affirmed insofar as appealed from.

Inasmuch as the defendants specifically state in their brief that they are withdrawing their cross appeal, we dismiss the cross appeal as withdrawn. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.