Doran v JP Walsh Realty Group, LLC (2020 NY Slip Op 07866)





Doran v JP Walsh Realty Group, LLC


2020 NY Slip Op 07866


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-11347
 (Index No. 26178/12)

[*1]Wayne Doran, et al., appellants, 
v
JP Walsh Realty Group, LLC, et al., respondents, et al., defendant.


Segan, Nemerov & Singer, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Melissa B. Ringel], of counsel), for appellants.
Bello & Larkin, Hauppauge, NY (Robert X. Larkin of counsel), for respondent Harbor Building Corp.
Farber Brocks & Zane LLP, Garden City, NY (Tracy L. Frankel of counsel), for respondent McAvoy Construction Corp.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated July 16, 2018. The order granted the separate motions of the defendants JP Walsh Realty Group, LLC, Harbor Building Corp., and McAvoy Construction Corp. for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
The plaintiff Wayne Doran (hereinafter the injured plaintiff) allegedly was injured while performing tree removal work in the course of his employment with Russ Tree Service (hereinafter Russ). We agree with the Supreme Court's determination granting the separate motions of the defendants JP Walsh Realty Group, LLC (hereinafter JP Walsh), Harbor Building Corp. (hereinafter Harbor), and McAvoy Construction Corp. (hereinafter McAvoy) for summary judgment dismissing the amended complaint insofar as asserted against each of them.
JP Walsh, Harbor, and McAvoy (hereinafter collectively the moving defendants) established their prima facie entitlement to judgment as a matter of law dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against each of them. The injuries in this case arose from the manner in which the work was performed, and not from a dangerous or defective premises condition. The dangerous condition alleged by the plaintiffs was visible to one reasonably using his or her senses, and was not inherently dangerous (see Langer v 116 Lexington Ave., Inc., 92 AD3d 597; Jang Hee Lee v Sung Whun Oh, 3 AD3d 473). Furthermore, the debris in the area where the accident occurred was an unavoidable and inherent result of the ongoing tree removal work (see Tighe v Hennegan Constr. Co., Inc., 48 AD3d 201; Bond v York Hunter Constr., 270 AD2d 112). To be held liable under Labor Law § 200 for injuries arising from the [*2]manner in which the work is performed, a defendant must have authority to supervise or control the methods or manner of a plaintiff's work. A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 liability when that defendant bears the responsibility for the manner in which the work is performed (see Sanders v Sanders-Morrow, 177 AD3d 920; Lombardi v City of New York, 175 AD3d 1521). Here, none of the moving defendants bore responsibility for the manner in which the work was performed. The injured plaintiff was supervising the tree removal work on behalf of Russ, and no employee of the moving defendants had the authority to supervise or control his work.
The moving defendants also established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) cause of action insofar as asserted against each of them. To succeed on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident. The scope of Labor Law § 241(6) is governed by 12 NYCRR 23-1.4(b)(13), which defines construction work, and tree removal alone does not fall within any of the enumerated categories (see Enos v Werlatone, Inc., 68 AD3d 713). Although the applicability of Labor Law § 241(6) is not limited to building sites, the work in which the plaintiff was engaged must have affected the structural integrity of the building or structure or have been an integral part of the construction of a building or structure. The injured plaintiff's accident during tree removal work did not arise from construction, excavation, or demolition work within the meaning of Labor Law § 241(6). The injured plaintiff was not engaged in an activity covered by the statute (see Crossett v Wing Farm, Inc., 79 AD3d 1334). In any event, the Industrial Code provisions alleged to have been violated, 12 NYCRR 23-1.7(d) and (e), are inapplicable to the facts of this case.
The plaintiffs failed to raise a triable issue of fact in opposition to the moving defendants' prima facie showings. The injured plaintiff's affidavit contradicted his earlier deposition testimony and raised only a feigned issue of fact. The affidavit was designed to avoid the consequences of that testimony and was insufficient to raise a triable issue of fact to defeat summary judgment (see Rabiea v Darwish, 170 AD3d 760; Zhu v Natale, 131 AD3d 607; Patsis v Nicolia, 120 AD3d 1326).
Accordingly, we agree with the Supreme Court's determination granting the moving defendants' separate motions for summary judgment dismissing the amended complaint insofar as asserted against each of them.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court