Tardio v Saleh (2021 NY Slip Op 02331)





Tardio v Saleh


2021 NY Slip Op 02331


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-08127 
2017-09217
 (Index No. 18911/13)

[*1]Silvana Tardio, etc., appellant-respondent,
v
Anthony G. Saleh, etc., respondent-appellant, Anthony Bertelle, etc., respondent.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant-respondent.
Ellenberg Gannon Henninger Fitzmaurice & Lim, LLP, Mineola, NY (Stacy Fitzmaurice and Claire Persico of counsel), for respondent-appellant.
McAloon & Friedman, P.C., New York, NY (Gina Bernardi DiFolco and Kenneth P. Starace of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Michelle Weston, J.), dated June 5, 2017, and (2) a judgment of the same court dated July 28, 2017, and the defendant Anthony G. Saleh cross-appeals from the order. The order, insofar as appealed from, granted that branch of the motion of the defendant Anthony Bertelle which was for summary judgment dismissing the complaint insofar as asserted against him. The order, insofar as cross-appealed from, denied that branch of the motion of the defendant Anthony G. Saleh which was for summary judgment dismissing the causes of action to recover damages for medical malpractice and wrongful death insofar as asserted against him. The judgment, upon the order, is in favor of the defendant Anthony Bertelle and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Anthony Bertelle payable by the plaintiff, and one bill of costs is awarded to the plaintiff payable by the defendant Anthony G. Saleh.
The plaintiff's appeal from so much of the order as granted that branch of the motion of the defendant Anthony Bertelle which was for summary judgment dismissing the complaint insofar as asserted against him must be dismissed because the right of direct appeal therefrom [*2]terminated with entry of the judgment dated July 28, 2017 (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The Supreme Court properly granted the motion of the defendant Anthony Bertelle for summary judgment dismissing the complaint insofar as asserted against him. In order to establish a prima facie case of liability in a medical malpractice action, the plaintiff must show a deviation or departure from accepted medical practice, and evidence that such departure was a proximate cause of injury (see Bueno v Allam, 170 AD3d 939; Ross-Germain v Millennium Med. Servs., P.C., 144 AD3d 658; Duvidovich v George, 122 AD3d 666). A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any alleged departure was not a proximate cause of the plaintiff's injuries (see Bueno v Allam, 170 AD3d at 941; Pagano v Cohen, 164 AD3d 516; Schwartzberg v Huntington Hosp., 163 AD3d 736). Bertelle established, prima facie, through the affirmation of his expert, that he did not depart from accepted medical practice and that any alleged departure was not a proximate cause of the plaintiff's injuries or death (see Russell v Garafalo, 189 AD3d 1100; Jacob v Franklin Hosp. Med. Ctr., 188 AD3d 838; Castillo v Surasi, 181 AD3d 786).
In opposition to Bertelle's prima facie showing, the plaintiff failed to raise a triable issue of fact. The affidavit of the plaintiff's expert internist relied upon facts not supported by the record as to Bertelle, and was speculative and conclusory as to his actions. As such, it was insufficient to raise a triable issue of fact to defeat summary judgment as to Bertelle (see Longhi v Lewit, 187 AD3d 873; Wagner v Parker, 172 AD3d 954). In addition, the plaintiff's affidavit contradicted her earlier deposition testimony and raised only a feigned issue of fact. The affidavit was designed to avoid the consequences of her testimony and was insufficient to raise a triable issue of fact to defeat Bertelle's motion for summary judgment (see Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363; Zhu v Natale, 131 AD3d 607; Mitthauer v T. Moriarty & Son, Inc., 69 AD3d 588).
The Supreme Court also properly denied that branch of the motion of the defendant Anthony G. Saleh which was for summary judgment dismissing the causes of action to recover damages for medical malpractice and wrongful death insofar as asserted against him. Saleh established his prima facie entitlement to judgment as a matter of law through the affirmation of his medical expert. In opposition, however, the affidavits of the plaintiff's expert internist and pulmonologist were sufficient to raise a triable issue of fact as to whether Saleh departed from accepted standards of pulmonary care in failing to inform both Bertelle and the decedent of the finding of a lung nodule after a CT scan in August 2011, and failing to giving the decedent options for further testing and/or treatment as soon as practical after that scan. The increase in size of the mass in the lung and the metastasis to the rib between the August 2011 CT scan and the February 2013 PET scan, at a minimum, raised a triable issue of fact as to whether the delay in treatment of the cancer was a proximate cause of the decedent's injuries and death (see Dallas-Stephenson v Waisman, 39 AD3d 303; McMahon v Badia, 195 AD2d 445).
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court