Cantalupo v Arco Plumbing & Heating, Inc. (2021 NY Slip Op 02783)





Cantalupo v Arco Plumbing & Heating, Inc.


2021 NY Slip Op 02783


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-02856
 (Index No. 15792/12)

[*1]Paul Cantalupo, et al., respondents, 
v
Arco Plumbing & Heating, Inc., et al., defendants, Chase Manhattan Bank, N.A., appellant (and third-party actions).


Kowalski & DeVito (Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY [Christopher Simone and Jeremy S. Rosof], of counsel), for appellant.
The Latronica Law Firm, P.C. (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Chase Manhattan Bank, N.A., appeals from an order of the Supreme Court, Kings County (Ellen Spodek, J.), dated January 8, 2018. The order, insofar as appealed from, denied that branch of the motion of that defendant which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Chase Manhattan Bank, N.A., which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On May 3, 2010, the plaintiff Paul Cantalupo (hereinafter the injured plaintiff) and three coworkers, in connection with the performance of air conditioning services at One Chase Manhattan Plaza in Manhattan, were instructed to reinstall a division plate into the water box of an air conditioning unit. The condenser head, a round piece of steel that covers the water box, was leaning upright on the side of the unit, and was unsecured by a chain fall. While the crew was lifting the approximately 500-pound division plate, the division plate struck the condenser head, causing the condenser head to tip over and fall on the injured plaintiff's leg.
In August 2012, the injured plaintiff, and his wife suing derivatively, commenced this personal injury action against, among others, the defendant Chase Manhattan Bank, N.A. (hereinafter Chase), the owner of the premises, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. After the completion of discovery, Chase moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied that branch of Chase's motion, and Chase appeals.
"To prevail on a cause of action under Labor Law § 240(1), a plaintiff must establish, among other things, that he or she was injured during the 'erection, demolition, repairing, altering, [*2]painting, cleaning or pointing of a building or structure'" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 652-653, quoting Labor Law § 240[1]; see Cremona v Venture Holding & Mgt. Corp., 189 AD3d 994, 994). "In determining whether a particular activity constitutes 'repairing,' courts are careful to distinguish between repairs and routine maintenance, the latter falling outside the scope of section 240(1)" (Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d at 653). Generally, work constitutes routine maintenance where it involves replacing components that require replacement in the course of normal wear and tear (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528).
Here, the Supreme Court properly denied that branch of Chase's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it. Chase's own evidentiary submissions, including the injured plaintiff's deposition testimony, raised triable issues of fact as to whether the injured plaintiff was engaged in repairs or routine maintenance at the time the accident occurred. Although it is undisputed that an outside party was to perform the ultimate repair to the defective division plate, the injured plaintiff testified at his deposition that his supervisor instructed him to perform a temporary repair to the division plate in order to make the air conditioning unit function. Thus, there is a triable issue of fact as to whether the injured plaintiff's activity constituted a repair of the unit within the scope of Labor Law § 240(1) (see Wass v County of Nassau, 173 AD3d 933, 935).
However, the Supreme Court should have granted that branch of Chase's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it. "'Labor Law § 241(6) imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed'" (De Jesus v Metro-North Commuter R.R., 159 AD3d 951, 953, quoting Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983). "To succeed on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident. The scope of Labor Law § 241(6) is governed by 12 NYCRR 23-1.4(b)(13), which defines construction work" (Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364 ). "Although the applicability of Labor Law § 241(6) is not limited to building sites, the work in which the plaintiff was engaged must have affected the structural integrity of the building or structure or have been an integral part of the construction of a building or structure" (id. at 1364). Here, Chase demonstrated, prima facie, that the injured plaintiff was not involved in the activity of construction, excavation, or demolition when the accident occurred (see Guevera v Simon Prop. Group, Inc., 134 AD3d 899, 900; Gleason v Gottlieb, 35 AD3d 355, 356). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court properly denied that branch of Chase's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. "'Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work'" (Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666, 1668, quoting Ortega v Puccia, 57 AD3d 54, 60). "Liability on common-law negligence and Labor Law § 200 causes of action 'generally falls into two broad categories: instances involving the manner in which the work is performed, and instances in which workers are injured as a result of dangerous or defective premises conditions at a work site'" (Korostynskyy v 416 Kings Hwy., LLC, 136 AD3d 758, 759, quoting Abelleira v City of New York, 120 AD3d 1163, 1164). When there are allegations involving the manner in which the work was performed, a property owner will be held liable only if it possessed the authority to supervise or control the means and methods of the work (see Moscati v Consolidated Edison Co. of N.Y. , Inc., 168 AD3d 717, 720; Ortega v Puccia, 57 AD3d at 61). As to allegations involving dangerous or defective conditions on the premises where the work was performed, the property owner will be held liable if it either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time (see Moscati v Consolidated Edison Co. of N.Y. , Inc., 168 AD3d at 720).
Here, the injured plaintiff essentially alleges that his injuries were caused not only by a dangerous condition on the premises—the unsecured condenser head standing upright on its side—but also by the means and methods of the work being performed and the equipment used, including the failure to use a chain fall to move the division plate. "[W]hen an accident is alleged to involve defects in both the premises and the equipment used at the work site, the property owner moving for summary judgment with respect to causes of action alleging a violation of Labor Law § 200 is obligated to address the proof applicable to both liability standards" (Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 52).
Contrary to Chase's contention, it failed to demonstrate, prima facie, that it lacked notice of the allegedly dangerous premises condition. In support of its motion, Chase submitted the deposition testimony of the injured plaintiff, who testified that the condenser head was removed from the air conditioning unit one to two weeks before his accident, and that, during that time, contrary to the customary practice, someone removed the chain fall that was securing the condenser head. Chase did not offer any evidence demonstrating that it was not responsible for the removal of the chain fall, whether it inspected the area, or whether the dangerous condition was latent and not discoverable upon a reasonable inspection (see Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 720; Berman-Rey v Gomez, 153 AD3d 653, 654-655; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52-53). Thus, the Supreme Court properly determined that Chase failed to establish, prima facie, that it neither created the alleged dangerous condition nor had actual or constructive notice of it. Since Chase failed to meet its prima facie burden on this issue, we need not consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
With respect to the category of means and methods of the work, the Supreme Court properly determined that Chase established, prima facie, that it did not have the authority to supervise or control the means and methods of the injured plaintiff's work (see Debennedetto v Chetrit, 190 AD3d 933; Messina v City of New York, 147 AD3d 748, 749; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d at 52). In opposition, the plaintiffs failed to raise a triable issue of fact.
Finally, the Supreme Court properly determined that Chase failed to establish, prima facie, that the injured plaintiff was the sole proximate cause of the accident. The deposition testimony Chase submitted raised triable issues of fact and credibility regarding who was at fault in the happening of the accident (see Miller v United Parcel Serv., Inc., 131 AD3d 1023, 1024).
Chase's remaining contention, raised for the first time on appeal, is not properly before this Court.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court