Singh v 180 Varick, LLC (2022 NY Slip Op 02146)





Singh v 180 Varick, LLC


2022 NY Slip Op 02146


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2017-12314
 (Index No. 21451/13)

[*1]Hemraj Singh, appellant,
v
180 Varick, LLC, et al., respondents.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellant.
Michael C. Tromello, Melville, NY (Kevin J. Bryant of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered October 5, 2017. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon alleged violations of 12 NYCRR 23-1.7(d) and 23-1.21(b).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2012, the plaintiff, Hemraj Singh, an independent contractor, was injured while performing HVAC-related work for the defendant Ostra Capital Management, LLC, a tenant in a building managed by the defendant 180 Varick, LLC. At his deposition, the plaintiff testified that he was injured while descending a six-foot A-frame ladder. He testified that, when he reached the second rung from the bottom of the ladder, he lost his balance and fell back onto his left side. The plaintiff was unable to recall whether the ladder moved in any way before he fell.
The plaintiff commenced this action, alleging violations of Labor Law §§ 200, 240(1), and 241(6). After the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon alleged violations of 12 NYCRR 23-1.7(d) and 23-1.21(b). By order entered October 5, 2017, the Supreme Court granted those branches of the defendants' motion. The plaintiff appeals.
Labor Law § 200 "is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60; see Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d 686, 689). Liability under Labor Law § 200 "generally falls into two broad categories: instances involving the manner in which the work is performed, and instances in which workers are injured as a result of dangerous or defective premises conditions at a work site" (Abelleira v City of New York, 120 AD3d 1163, 1164; see Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d at 689). A defendant is not liable under Labor Law § 200 where the plaintiff's conduct is the sole proximate cause of the accident (see DiSanto v Spahiu, 169 AD3d 861, 862; Dos Anjos v Palagonia, 165 AD3d 626, 627).
Here, the defendants demonstrated, prima facie, that they did not have supervisory authority over the plaintiff's work and that the plaintiff's actions were the sole proximate cause of the accident. In opposition, the plaintiff did not raise a triable issue of fact as to whether the defendants had supervisory authority over his work. Furthermore, the plaintiff's sworn affidavit failed to raise a triable issue of fact as to whether his own actions were the sole proximate cause of the accident. Although he stated in his affidavit that the ladder slid underneath him due to dust and debris on the surface of the floor, his affidavit contradicted his earlier deposition testimony that he did not know why he fell and that he fell because he lost his balance, and therefore only raised a feigned issue of fact (see Fonck v City of New York, 198 AD3d 874, citing Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1364-1365; Maldonado v New York City Hous. Auth., 145 AD3d 679, 680). The plaintiff failed to otherwise raise a triable issue of fact (see DiSanto v Spahiu, 169 AD3d at 863; Ortega v Puccia, 57 AD3d at 63; Blanco v Oliveri, 304 AD2d 599, 600).
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). A defendant is liable under section 240(1) only where a violation of the provision is a proximate cause of the plaintiff's accident (see Lozada v St. Patrick's R C Church, 174 AD3d 879, 880; Nunez v City of New York, 100 AD3d 724, 724; Treu v Cappelletti, 71 AD3d 994, 997). Here, the defendants established, prima facie, that the plaintiff's ladder was not defective, that additional safety devices were not required as a matter of law, and that the plaintiff's actions were the sole proximate cause of the accident (see Pacheco v Recio, 168 AD3d 867, 868; Matter of Nadler v City of New York, 166 AD3d 618, 620). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the ladder was inadequate, or whether his own actions were the sole proximate cause of the accident.
Finally, "Labor Law § 241(6) imposes a non-delegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed" (Lopez v New York City Dept. of Envtl. Protection, 123 AD3d 982, 983; see Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d at 688). "To succeed on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the accident" (Doran v JP Walsh Realty Group, LLC, 189 AD3d at 1364; see Przyborowski v A & M Cook, LLC, 120 AD3d 651, 654).
The defendants demonstrated, prima facie, that the alleged violations of 12 NYCRR 23-1.7(d) and 23-1.21(b) were inapplicable to the facts of the case by submitting the plaintiff's deposition testimony in which he testified that his fall was caused by his own loss of balance. In opposition, the plaintiff failed to raise a triable issue of fact (see Yao Zong Wu v Zhen Jia Yang, 161 AD3d 813, 815; Melendez v 778 Park Ave. Bldg. Corp., 153 AD3d 700, 701-702).
Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon alleged violations of 12 NYCRR 23-1.7(d) and 23-1.21(b).
IANNACCI, J.P., MILLER, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court