Cotich v Town of Newburgh (2022 NY Slip Op 05075)

Cotich v Town of Newburgh

2022 NY Slip Op 05075

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2019-08850
 (Index No. 5600/17)

[*1]Tracy E. Cotich, respondent, 
v
Town of Newburgh, et al., defendants, American Real Property Inspections, Inc., et al., appellants.

Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, NY (Bridget M. Schultz of counsel), for appellants.
Tracy E. Cotich, Wappingers Falls, NY, respondent pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and gross negligence, the defendants American Real Property Inspections, Inc., and Benigno Reyes appeal from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated July 9, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants American Real Property Inspections, Inc., and Benigno Reyes which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against them is granted.
In March 2016, the plaintiff retained the defendant American Real Property Inspections, Inc. (hereinafter ARPI), which was owned by the defendant Benigno Reyes, to conduct a home inspection of residential property located in Wallkill. Prior to the inspection, the plaintiff signed a contract under which, among other things, the plaintiff agreed that "in the event of a claim against [ARPI]," the plaintiff would "supply [ARPI] with . . . (1) [w]ritten notification of adverse conditions within 14 days of discovery, and (2) [a]ccess to the premises." The contract further provided that "[f]ailure to comply with [these] conditions [would] release [ARPI] and its agents from any and all obligations or liability of any kind." The inspection was performed but the plaintiff did not purchase the Wallkill property.
Four months later, in July 2016, the plaintiff retained ARPI to conduct an inspection of a house located in Newburgh. An identical contract to perform this inspection (hereinafter the July 2016 contract) was signed by Reyes on behalf of ARPI. In the space for the plaintiff's signature, the words "on file see 3/19/16 inspection" are written. Reyes performed the inspection of the Newburgh house and ARPI was paid by the plaintiff for those services.
The plaintiff purchased the Newburgh property, and shortly thereafter, discovered numerous defects. She commenced this action against, among others, ARPI and Reyes (hereinafter together the defendants), alleging, inter alia, negligence and gross negligence. The defendants [*2]subsequently moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against them. The defendants appeal.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligence insofar as asserted against them by establishing, prima facie, that the plaintiff failed to provide them with written notification of the claimed adverse conditions within 14 days of discovery and access to the premises, as required by the July 2016 contract, thereby releasing the defendants from liability pursuant to the contract terms. Furthermore, contrary to the plaintiff's contention, the defendants additionally demonstrated, prima facie, that the July 2016 contract was enforceable despite the fact that the plaintiff did not sign it.
"[A]n unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369; see Gould v Decolator, Cohen & DiPrisco, LLP, 197 AD3d 1242, 1244). Here, the plaintiff testified at her deposition that she was "certain" that she looked at the contract "at the time of the inspections," that she understood the contents of the contract, and that "after reading the agreement before the July 2016 inspection" she "accepted these terms" and paid ARPI its fee. This testimony is bolstered by the fact that the plaintiff signed an identical contract four months earlier for a home inspection performed by the defendants. Accordingly, the defendants demonstrated, prima facie, that the July 2016 contract was valid and enforceable (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d at 370).
In opposition, the plaintiff's affidavit, in which she merely denied the facts to which she testified at her deposition concerning her assent to the terms of the July 2016 contract, failed to raise a triable issue of fact (see Tardio v Saleh, 193 AD3d 901; Doran v JP Walsh Realty Group, LLC, 189 AD3d 1363, 1365).
Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted against them.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., IANNACCI, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court