Montes-Vidal v New York State Thruway Auth. (2025 NY Slip Op 03185)

Montes-Vidal v New York State Thruway Auth.

2025 NY Slip Op 03185

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2021-05138

[*1]Francisco Montes-Vidal, appellant, 
v
New York State Thruway Authority, respondent. (Claim No. 132180)

Liakas Law, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Christopher J. Soverow, and Jillian Rosen], of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Alex B. Cohen and Ellyn Wilder of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Stephen J. Mignano, J.), dated June 10, 2021. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(e)(1) and (f), and denied the claimant's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(e)(1) and (2) and (f).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2012, the defendant entered into a contract with Tappan Zee Constructors, LLC (hereinafter TZC), for TZC to be the design-builder contractor for the Tappan Zee Hudson River Crossing Project, which sought to demolish the Tappan Zee Bridge and build two new bridges. TZC performed the physical and demolition work on the Tappan Zee Bridge. The defendant's employees were not performing work or directing the demolition work on the Tappan Zee Bridge.
The claimant was employed by TZC as an ironworker and was assigned to work on the Tappan Zee Bridge. On April 5, 2018, in attempting to reach a portable scaffolding platform underneath the road span of the Tappan Zee Bridge, the claimant, while wearing a safety vest, a harness, and a "retractable yoyo" that attached the harness to the bridge, climbed three or four feet up a support column, lost his grip, and fell, landing on the platform below. The claimant's right foot landed on concrete debris, which slid beneath him and caused him to sustain injuries.
In 2018, the claimant commenced this claim to recover damages for personal injuries against the defendant, alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6). The defendant moved for summary judgment dismissing the claim. The claimant cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was [*2]predicated upon violations of 12 NYCRR 23-1.7(e)(1) and (2) and (f). In an order dated June 10, 2021, the Court of Claims, among other things, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon violations of 12 NYCRR 23-1.7(e)(1) and (f), and denied the claimant's cross-motion as untimely. The claimant appeals.
"'Labor Law § 240(1) imposes a nondelegable duty [and absolute liability] upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728, quoting Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720; see Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657). "To prevail on a Labor Law § 240(1) cause of action 'a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries'" (Hossain v Condominium Bd. of Grand Professional Bldg., 221 AD3d 981, 983, quoting Exley v Cassell Vacation Homes, Inc., 209 AD3d 839, 840; see Correa v 455 Ocean Assoc., LLC, 218 AD3d 435, 436).
Here, the defendant demonstrated, prima facie, that the claimant was provided with safety equipment, such as a harness and "retractable yoyo," as well as ladders. In opposition, the claimant failed to raise a triable issue of fact as to whether the provided equipment was inadequate or whether the defendant violated Labor Law § 240(1). Accordingly, the Court of Claims properly granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action (see Hossain v Condominium Bd. of Grand Professional Bldg., 221 AD3d at 983).
Pursuant to Labor Law § 241(6), "[a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places." "To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that the injuries allegedly sustained were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Sanchez v BBL Constr. Servs., LLC, 202 AD3d 847, 850; see Carranza v JCL Homes, Inc., 210 AD3d 858, 860). Pursuant to 12 NYCRR 23-1.7(e)(1), "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered" (see Freyberg v Adelphi Univ., 221 AD3d 658, 659-660; Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 746-747). Pursuant to 12 NYCRR 23-1.7(f), "[s]tairways, ramps or runways shall be provided as the means of access to working levels above or below ground except where the nature or the progress of the work prevents their installation in which case ladders or other safe means of access shall be provided" (see Chiarella v New York State Thruway Auth., 230 AD3d 463, 466; Seepersaud v City of New York, 38 AD3d 753, 755).
Here, the defendant demonstrated, prima facie, that the claimant lost his grip while climbing and slipped on debris on a platform, and did not trip in a passageway. Additionally, the defendant demonstrated, prima facie, that the workers were instructed to use ladders when accessing the portable scaffolding platform and that ladders were available at the work site. In opposition, the claimant failed to raise a triable issue of fact. Accordingly, the Court of Claims properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the Labor Law § 241(6) cause of action as was predicated upon violations of 12 NYCRR 23-1.7(e)(1) and (f), as they were inapplicable (see Chiarella v New York State Thruway Auth., 230 AD3d at 466-467; Freyberg v Adelphi Univ., 221 AD3d at 659-660).
Labor Law § 200(1) provides, in pertinent part, that "[a]ll places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places." "Liability under Labor Law § 200 'generally falls into two broad categories: instances involving the manner in which the work is performed, and instances in which [*3]workers are injured as a result of dangerous or defective premises conditions at a work site'" (Singh v 180 Varick, LLC, 203 AD3d 1194, 1195-1196, quoting Abelleira v City of New York, 120 AD3d 1163, 1164). "Where 'a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation'" (Wilson v Bergon Constr. Corp., 219 AD3d 1380, 1382-1383, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). "'[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200'" (id. at 1383, quoting Ortega v Puccia, 57 AD3d 54, 62). "'Where a premises condition is at issue, a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice'" (Khan v Khan, 197 AD3d 1165, 1167, quoting Villada v 452 Fifth Owners, LLC, 188 AD3d 1292, 1294).
Here, the defendant demonstrated, prima facie, that it did not supervise the claimant's work and did not create the debris upon which the claimant slipped. In opposition, the claimant failed to raise a triable issue of fact. Accordingly, the Court of Claims properly granted that branch of the defendant's motion which was for summary judgment dismissing the Labor Law § 200 cause of action (see Singh v 180 Varick, LLC, 203 AD3d at 1195).
Pursuant to CPLR 3212(a), "[a]ny party may move for summary judgment in any action, after issue has been joined; provided however, that the court may set a date after which no such motion may be made, such date being no earlier than thirty days after the filing of the note of issue" (see Wittenberg v Long Is. Power Auth., 225 AD3d 730, 732; Kuyenova v R & M Supermarket, 215 AD3d 940, 941). "'An untimely motion or cross motion for summary judgment may be considered by the court where a timely motion was made on nearly identical grounds'" (Sammy Props., Inc. v Al Saleh Assoc., LLC, 225 AD3d 815, 818, quoting Sikorjak v City of New York, 168 AD3d 778, 780; see Cruz v 1142 Bedford Ave., LLC, 192 AD3d 859, 863; Wernicki v Knipper, 119 AD3d 775, 776-777).
Here, the claimant's cross-motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and so much of the Labor Law § 241(6) cause of action as was predicated upon violations of 12 NYCRR 23-1.7(e)(1) and (2) and (f) was made on nearly identical grounds as the defendant's timely motion for summary judgment. However, the evidence submitted by the claimant did not warrant judgment as a matter of law in the claimant's favor. Accordingly, we affirm so much of the order as denied the claimant's cross-motion, albeit on the merits and not on the ground relied upon by the Court of Claims.
In light of the foregoing, we need not reach the parties' remaining contentions.
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court